APRIL TERM, 1838.

E. S. Ferguson, by her guardian, v. Stephens.

</div>

------

ELIZA SUSAN FERGUSON, BY HER GUARDIAN, A. MCKINNEY, v. WILLIAM STEPHENS.

1. A. by deed conveyed certain slaves to his son and one B. as trustees for his son's daughter, and such other children as his son might thereafter have, providing that the profits of the negroes should be a fund to support and educate his grand child, and such other issue as his said son might have; and on the demise of the son, to be equally divided among such of his children as might then be living.

2. Held, that on the death of the son, the legal estate of B. terminated, and the slaves would fall under the control of such guardian of the *cestuys que trust* as the law assigned.

ERROR to the circuit court of Montgomery county.

*Wells* and *Porter*, attorneys for appellants, cited:
1 Barnwell and Alderson, 336; 2 Tucker's Com. 438; 5 East's Rep. 162; 2 Term Rep. 759; 1 Bibb, 88.

*T. L. Anderson*, attorney for appellee, cited:
Fonblanque, top page, 460, 24, 623; 1 Marshall's Rep. 243; 1 Maddox, 445; 4 Johnson's C. R. 654.

TOMPKINS, Judge, delivered the opinion.

This was an action of detinue, commenced in the circuit court of Montgomery county, by E. S. Ferguson, a minor, by McKinney, her guardian, against Stephens. In the progress of the suit, the plaintiff took a non-suit,

APRIL TERM, 1838.

E. S. Ferguson, by her guardian, v. Stephens.

A. by deed conveyed certain slaves to his son and one B. as trustees for his son's daughter, and such other children as his son might thereafter have, providing that the profits of the negroes should be a fund to support and educate his grand child, and such other issue as his said son might have; and on the demise of the son, to be equally divided among such of his children as might then be living.

Held, that on the death of the son, the legal state of B. terminated, and the slaves would fall under the control of such guardian of the *cestuys que trust* as the law assigned.

and afterwards moved the court to set it aside, which motion being overruled, this writ of error is prosecuted to reverse the judgment of the circuit court.

On the trial of this cause, it was in evidence, that in the year 1825, Dugald Ferguson, senior, conveyed to Dugald Ferguson junior, his son, and William Stephens, as trustees for Eliza Susan Ferguson, daughter of said Dugald Ferguson, junior, and for such other children as the said Dugald Ferguson, junior, might thereafter have, certain slaves. The provisions of this deed are: "That the profits and emoluments accruing from said slaves shall be a fund to support and educate the said Eliza Susan Ferguson, and such other issue as the said Dugald Ferguson, junior, might thereafter have; and at his demise, to be equally divided among such of his children as might then be living."

Some time in the year 1834, said Dugald Ferguson, junior, died, leaving no issue but E. S. Ferguson, the plaintiff; and McKinney, being appointed her guardian, commenced this action against Stephens, the surviving trustee, to recover these slaves, they having remained in the possession of Dugald Ferguson, senior, during his lifetime, and on his death, being taken possession of by Stephens, the surviving trustee. The evidence on the part of the plaintiff being all exhibited to the jury, the defendant moved the court to instruct them, that they must find for him, because the plaintiff had shown no legal title in himself. The circuit court gave the instruction as prayed, and the plaintiff, as above stated, took a non-suit.

The deed, by which Stephens was made trustee for E. S. Ferguson, seems to have determined the estate he had in the slaves, by the death of Dugald Ferguson, junior. The provision made by that deed that the slaves should be divided among the surviving children on the death of their father, Dugald Ferguson, junior, seems to indicate that although the grandfather might, in the lifetime of his son, have been willing to intrust the management of those slaves to him and Stephens jointly, yet, that on the death of his son, he preferred that a guardian should, in due course of law, be assigned to take charge of them. There can be no doubt that he had power to limit the duration of the legal estate of Stephens. Such being my opinion, it seems to me that the circuit court committed error in instructing the jury that the legal estate in these slaves remained in Stephens after the death of Dugald Ferguson, junior; and that for such error its judgment ought to be

reversed; and the two other Judges of this court concur- <span style="float:right">APRIL TERM,</span>
ring with me in this opinion, it is accordingly reversed, <span style="float:right">1838.</span>
and the cause will be remanded for further proceedings
in conformity to this opinion. <span style="float:right">Bland v. Schott.</span>

EDWARDS, Judge.—I concur in the foregoing opinion.

McGIRK, Judge.—I incline to the opinion the judgment
ought to be reversed, but am not entirely satisfied that
the trust expired on the death of Ferguson.